# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DWAYNE WILLIAMS, | ) | 1:12-cv-01312 GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON |
| v. | ) ) | WHICH RELIEF COULD BE GRANTED |
| P. BRAZELTON, | ) ) | |
| Defendant. | ) ) | |

## I.   Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at Pleasant Valley State Prison, brings this action against the Warden at Pleasant Valley. Plaintiff's sole claim in this action is that his personal property "was confiscated by CDCR staff, in direct violation of CDCR rules and regulations." Plaintiff's property was never returned to him.

While authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional authorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984). Plaintiff alleges that his property was removed in violation of CDCR rules and regulations. Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff has failed to state a cognizable claim.

## III.    Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claims arise from the deprivation of his personal property. Plaintiff has an adequate post-deprivation

1  remedy under California law.  Because the Court finds that this deficiency is not capable of being
2  cured by amendment, this action should be dismissed without leave to amend.  Noll v. Carlson, 809
3  F.2d 1446, 1448-49 (9th Cir. 1987).
4      Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, for
5  failure to state a claim.  The Clerk is directed to close this case.

10     IT IS SO ORDERED.
11     Dated:   **September 6, 2012**              /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE